UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| RICO DIAMOND,        Plaintiff, | ) ) ) ) |  |
| v. | ) ) | Case No. 2:05-cv-279 |
| JACK O' CONNOR, UNNAMED OFFICERS OF THE SOUTH BURLINGTON POLICE DEPARTMENT, AND CITY OF SOUTH BURLINGTON,        Defendants. | ) ) ) ) ) ) |  |

**MEMORANDUM AND ORDER**

Plaintiff Rico Diamond has petitioned for supplemental attorney's fees in the amount of $24,435.33 against Defendant Jack O'Connor. Second Supplemental Mot. for Att'y's Fees 1, ECF No. 211. On June 10, 2010, this Court awarded Diamond $99,609.07 in attorney's fees and $6,142.57 in expenses, pursuant to Fed. R. Civ. P. 54. Defendant O'Connor appealed the award, which the Second Circuit affirmed on April 6, 2011. *Diamond v. O'Connor*, No. 10-2547-cv, 2011 WL 1289157, at *2 (2d Cir. 2011). Diamond now seeks a supplemental fee award to cover the litigation costs caused by O'Connor's appeal. For the reasons set forth below, Diamond's motion for fees is **granted**. Interest on this award will run from June 10, 2010, when the Court awarded the original fees and costs that were appealed to the Second Circuit. *See Albahary v. City & Town of Bristol, Conn.*, 96 F. Supp. 2d 121,

122-124 (holding that plaintiffs are entitled to interest on attorney's fees from date of the judgment granting fees).

## Background

On August 7, 2008, this Court found as a matter of law, pursuant to Fed. R. Civ. P. 50(b), that Police Officer Jack O'Connor of the South Burlington Police Department had violated Plaintiff Diamond's Fourth Amendment rights by seizing his money for a lengthy period without probable cause. The Court ordered one dollar in nominal damages and reasonable attorney's fees. *See* Op. & Order 24, Aug. 7, 2008, ECF No. 161. The jury, meanwhile, found for the City of South Burlington and O'Connor on all other claims. *See* Jury Verdict, ECF No. 163.

On November 24, 2009, Diamond filed a Renewed and Supplemental Petition for attorney's fees incurred during the prosecution of his successful §1983 claim. ECF No. 200. In June 2010, this Court awarded Diamond $99,609.07 in attorney's fees, with interest, and $6,142.57 in costs. *See* Order 1, Jun. 10, 2010 ECF No. 207. This award was half of what Diamond originally requested, to reflect his partial success in the litigation. *Id.* at 8. O'Connor appealed the award, but the Second Circuit affirmed in a Summary Order on April 6, 2011. *Diamond*, 2011 WL 1289157, at *2. The Plaintiff now seeks $24,435.33 to cover the cost of the appeal.

Discussion

A prevailing plaintiff in a § 1983 action is entitled to recover reasonable attorney's fees. *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) (*citing* 42 U.S.C. § 1988). A successful plaintiff "is entitled to apply for an award of attorneys' fees pursuant to 42 U.S.C. § 1988, both for the proceedings in the district court and for the present and prior appeals to [the Second Circuit]." *Tolbert v. Queens College*, 242 F.3d 58, 78 (2d Cir. 2001).

"Determining whether an award of attorney's fees is appropriate is a two-step inquiry. First, fees may be awarded only to a 'prevailing party.'" *Diamond*, 2011 WL 1289157, at *2 (*citing Farrar v. Hobby*, 506 U.S. 103, 109 (1992)). "Second, the requested fee must be reasonable in view of the 'plaintiff's overall success.'" *Diamond*, 2011 WL 1289157, at *2 (*citing Farrar*, 506 U.S. at 114)). Prevailing plaintiffs also enjoy a presumption that they should be awarded reasonable attorney's fees "incurred in successfully litigating a variety of post-judgment motions," including appeals of fees. *Torres-River v. O'Neill-Cancel*, 524 F.3d 331, 341 (1st Cir. 2008).

In the instant case, Diamond is the prevailing party in the litigation for which compensation is being sought. The Second Circuit summarily affirmed the District Court's award. Additionally, awarding attorney's fees is reasonable in view of

the Plaintiff's complete success in the appeal. Although the District Court only awarded half of the originally requested attorney's fees to reflect the Plaintiff's incomplete success at trial, that reduction does not apply here, as the fees were unequivocally affirmed in the Second Circuit.

In order to determine the reasonableness of attorney's fees, the Court must "multipl[y] the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The Court has reviewed the detailed hour sheet submitted by Diamond's attorney and finds that the number of hours expended in the appeal is reasonable in light of the scope of litigation. Many of the hours were delegated to associates in order to save costs, and none of the hours appear "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

In terms of rate, the rate of pay in this case ranges from $100 to $225 per hour. The Defendant argues that the effort to appeal the award of fees is not as demanding as the underlying trial, and so it should be calculated at a lower hourly rate. However, the case on which the Defendant relies explains that lower calculated rates should only apply when the attorney's time amounts to little more than "documenting what a lawyer did and why he or she did it." *Gabriele v. Southworth*, 712 F.2d 1505, 1507 (1st Cir. 1983). Here, Plaintiff's attorneys had to

do much more than simple mathematics; rather, they composed briefs and memoranda based on legal research and prepared for oral argument in front of the Second Circuit.  Therefore, they are entitled to compensation for their regular hourly rate, which is "in line with [the fees] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). The hourly rates charged in this matter are in keeping with fees charged by attorneys of comparable skill and experience in this jurisdiction.

Further, the Plaintiff's attorneys were successful in their defense of the original award, and "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C § 1988." *Hensley*, 461 U.S. at 440. Plaintiff's total success suggests that the hours expended litigating the appeal were reasonable.

## Conclusion

For the foregoing reasons, Diamond's motion for supplemental attorney's fees is **granted.** The Court awards attorney's fees of $24,435.33, with interest dating from June 10, 2010.

Dated at Burlington, in the District of Vermont, this 7th day of June, 2011.

                              <u>/s/ William K. Sessions III</u>
                              William K. Sessions III
                              District Judge